**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **JUNIOR RAFAEL GUZMAN FELICIANO,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 26-13076-BEM** |
| ) | |
| **PAMELA BONDI, Attorney General of the** ) | |
| **United States, et al.,** ) | |
| ) | |
| **Respondents.** ) | |

**ORDER**

**MURPHY, J.**

Junior Rafael Guzman Feliciano, who is representing himself, has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Dkt. 1. Mr. Guzman also filed a motion for leave to proceed *in forma pauperis*. Dkt. 2.

This Court lacks jurisdiction over this action because Mr. Guzman is not within the territorial jurisdiction of this Court. "District courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (quoting 28 U.S.C. § 2241(a)). Accordingly, in the usual case, "in challenges to present physical confinement . . . the immediate custodian . . . is the proper respondent." *Id.* at 439. In such cases, "[b]y definition, the immediate custodian and the prisoner reside in the same [judicial] district," making "the district of confinement . . . synonymous with the district court that has territorial jurisdiction over the proper respondent." *Id.* at 444. Thus, "the general rule [is] that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Id.* at 443.

Because Mr. Guzman is not in the District of Massachusetts and there is no basis for a departure from the immediate custodian rule, *cf. Ozturk v. Trump*, C.A. No. 25-cv-10695-DJC, 2025 WL 1009445, at *5–*8 (D. Mass. Apr. 4, 2025) (discussing exceptions to the immediate custodian rule), the Court is without jurisdiction over this action.

The South Texas Detention Complex, located in Pearsall, Frio County, Texas, is within the jurisdiction of the Western District of Texas – San Antonio Division.  28 U.S.C. § 124(d)(4). Therefore, the Court will order that the petition be transferred to the United States District Court for the Western District of Texas pursuant to 28 U.S.C. § 1631 (providing that where the "court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court . . . in which the action . . . could have been brought at the time it was filed").

In accordance with the foregoing, the Clerk of Court is directed to transfer this action to the United States District Court for the Western District of Texas.  Whether Petitioner should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.

IT IS SO ORDERED.

 /s/ Brian E. Murphy
Brian E. Murphy
United States District Judge

 Dated:  July 6, 2026

2